CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 04 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DAVID FAULKNER, ) | CASE NO. 4:11CV00052 |
| ) | |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | By: B. Waugh Crigler |
| Defendant. ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's June 18, 2010 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on June 21, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since January 15, 2010, his alleged disability onset date, and that he remained insured through September 30, 2013. (R. 12.) The Law Judge determined plaintiff's coronary artery disease and hyperlipidemia were medically determinable impairments, but that he did not suffer a severe impairment or

combination of impairments because he did not suffer an impairment or combination of impairments that had significantly limited (or was expected to significantly limit) his ability to perform basic work-related activities for twelve consecutive months. (*Id.*) Thus, the Law Judge found that plaintiff was not disabled at that level of the sequential evaluation. (R. 16.)

Plaintiff appealed the Law Judge's June 21, 2011decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a "memorandum" filed in support of his motion for summary judgment, plaintiff's sole argument is that the Law Judge erred in finding that his coronary artery disease was not a severe impairment at step two in the sequential evaluation. (Pl's Brief, pp. 14-16.) The undersigned is of the view that the Law Judge's finding is supported by substantial evidence.

2

A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6). In order for an impairment to be deemed "severe" at step two in the sequential evaluation, it must have lasted or be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 416.909, 404.1520(a)(4)(ii).

As noted above, at step two in the sequential evaluation, the Law Judge found that plaintiff's coronary artery disease was a medically determinable impairment. (R. 12.) Even so, the Law Judge found that plaintiff did not suffer a severe impairment or combination of impairments because he did not suffer an impairment or combination of impairments that had significantly limited (or was expected to significantly limit) his ability to perform basic work-related activities for twelve consecutive months. (*Id.*)

The record reveals that on June 2, 2010, plaintiff presented to Halifax Regional Hospital emergency department with a one month history of intermittent left sided chest pain occurring every one to two days. (R. 254.) On June 14, 2010, plaintiff underwent a left heart catherization. (R. 251.) Plaintiff also underwent coronary intervention and had a stent placed on June 25, 2010. (R. 273.) Even so, plaintiff has not presented any evidence from treating

or consultative medical sources suggesting that his coronary artery disease has created work-related limitations.

In fact, the medical records from plaintiff's treating cardiologist substantially support the Law Judge's finding that the condition is not a severe impairment. On September 14, 2010, S. B. Iskandar, M.D. noted that plaintiff could "work with no restrictions." (R. 309.) The cardiologist subsequently found him to be "stable" on November 2, 2010 (R. 305) and again on March 3, 2011 (R. 304.)

The Law Judge's finding is also supported by the objective medical evidence in the record. For instance, plaintiff underwent a treadmill stress test at Halifax Regional Hospital on October 11, 2010, which revealed no ischemia. (R. 316.)

Having found that the Law Judge's finding at step two in the sequential evaluation is supported by substantial evidence, the undersigned RECOMMENDS that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The

Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

__Sept 4, 2012__
Date